**Tef NDOCI, Mark Ndoci, Areta Ndoci, Petitioners,**

v.

**Michael B. MUKASEY,\* Respondent.**

No. 06–3755–ag.

United States Court of Appeals, Second Circuit.

March 3, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Carl M. Weideman, III, Weideman & Weideman, P.C., Grosse Pointe Farms, MI, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, M. Jocelyn, Lopez Wright, Assistant Director, Andrew B. Insenga, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioners Mark, Areta, and Tef Ndoci, natives and citizens of Albania, seek review of a July 14, 2006, order of the Board of Immigration Appeals ("BIA"), affirming the January 17, 2006, decision of Immigration Judge ("IJ") Sandy K. Hom, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mark/Areta/Tef Ndoci,* Nos. A78 840 589/78 840 590/78 971 103 (B.I.A. July 14, 2006) *aff'g* Nos. A78 840 589/78 840 590/78 971 103 (Immig. Ct. N.Y. City Jan. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because the Ndocis have failed to raise their claims for withholding of removal and CAT relief in their brief to this Court, we deem those claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (finding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). Moreover, although Mark and Areta Ndoci challenge the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) to review their challenge, because the denial of relief in these circumstances is the functional equivalent of a removal order.[1] *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

When the IJ's decision rests on multiple alternative grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We conclude that the agency's denial of relief was not in error.

*First,* while the Ndocis claim the Lecis are prominent Socialists, the IJ properly found that any harm the Ndocis suffered in Albania was due to a longstanding blood feud between the Ndoci family and the Leci family, and not because of the Ndocis' political opinions.

*Second,* the presumption that an applicant who has established past persecution

---

1. The record indicates that Tef Ndoci was separately placed in removal proceedings.

shall be presumed to have a well-founded fear of persecution, *see* 8 C.F.R. § 1208.13(b)(1), may be rebutted by a showing that circumstances in the applicant's home country have fundamentally changed so as to negate his fear of persecution, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A). Even assuming that the Ndocis had established past persecution, thereby creating a rebuttable presumption of a well-founded fear of persecution, the IJ properly found that changed country conditions in Albania effectively rebutted that presumption. The IJ observed that the Democratic Party ("DP") won political control of Albania in July 2005, and that the DP holds a significant number of seats in the Albanian Parliament. Of the 100 deputies elected to parliament, 56 were from the DP. *See Latifi v. Gonzales*, 430 F.3d 103, 106 n. 1 (2d Cir.2005) (taking judicial notice of the fact that the DP returned to power in Albania through general elections in July 2005).

The IJ also properly found that the Ndocis experienced no difficulties in Albania while the DP had control of the government. The record reveals that the harms they claim to have suffered were confined to the period between 1997 and 2001, while the SP was in power. Moreover, as the IJ found, Tef Ndoci acknowledged that he had no problems in Albania from 1992 to 1997, while the DP was in power. While the Ndocis challenge the IJ's finding that country conditions in Albania have changed for DP activists, nothing in the record supports their contention.

The IJ made alternate findings in his decision; but we need not review them here.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).